## ROGERS ET AL., TWO OF THE EXECUTORS OF JAMES ROGERS, v. MOOR, A COEXECUTOR.

A court of chancery will not interpose between co-executors, unless it appears to be absolutely necessary for the purposes of justice.
A petition may be amended upon payment of cost.

PETITION in chancery; showing, that said James Rogers, on the 25th of February A. D. 1790, let his farm, stock and farming utensils to said Moor for the term of one year; that he made his will and appointed the petitioners and the petitionee his executors, and soon after died, and before said term was

expired; that he owed large debts, more than his personal estate would pay, without the stock let to said Moor, for which debts the petitioners were liable, and said Moor, notwithstanding his term had expired, refused to deliver up said stock and farming utensils, which belonged to said James's estate, or to account for them; praying that he might be compelled to deliver them up to the petitioners.

Plea in abatement — That said petition was complicated and joined matters which could not be joined.    2d. That it was insufficient.

Judgment — Plea in abatement sufficient; for there is no averment that the petitioners have paid the debts, or have any judgment against them; or but that the respondent is as liable, and as able to pay the debts as they are.

The petitioners moved to amend the petition and supply the necessary averments, which was allowed on payment of cost.